UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES<br>170 S. Lincoln Street<br>Suite 150<br>Spokane, WA 99201<br>　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES DEPARTMENT<br> OF THE INTERIOR<br>1849 C Street ,N.W.<br>Washington, D.C. 20240<br><br>　　　　Defendant. | Civil Case No. 21 - 1411 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES for its complaint against Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory and injunctive relief, seeking immediate processing and release of agency records responsive to Plaintiff's FOIA requests following the Department's failure to comply with the FOIA and with the requirements of *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013).

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government, including private influences on government policymaking and other actions.

3. Defendant United States Department of the Interior ("Interior" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## ENERGY POLICY ADVOCATES' FOIA REQUESTS

6. This action concerns two FOIA requests submitted to Defendant via the FOIAOnline portal on April 15, 2021 and April 16, 2021, respectively. The April 15, 2021 request sought the calendars and Microsoft Teams invitations of Senior Counselor to the Secretary Elizabeth Klein. The April 16, 2021 request sought correspondence of Senior Counselor Klein with Special Assistant to the President for Climate Policy David Hayes.

7. Ms. Klein, whose announced appointment to be Deputy Secretary of the Interior was withdrawn by the White House, was then quietly announced as having been made Senior Counselor to the Secretary, which does not require Senate confirmation. See, e.g., Juliet Eilperin and Joshua Partlow, "White House pulls nominee for Interior's No. 2 post after opposition from centrists," Washington Post, March 23, 2021, https://www.washingtonpost.com/climate-environment/2021/03/23/interior-klein-murkowski/) (last accessed May 24, 2021).

8. Due to real and/or potential conflicts on the part of Ms. Klein, as affirmed in public records related to Ms. Klein's prior employment with the New York University School of Law's State Energy and Environmental Impact Center, where Ms. Klein was an attorney representing at least seventeen states and the District of Columbia (including on

"particular matters" adverse to the Department), and where Mr. Hayes served as Executive Director, the calendars and Microsoft Teams invitations of Ms. Klein, and her correspondence with Mr. Hayes, are all of tremendous public importance.

9. Defendant received the calendars and Microsoft Teams request on April 15, 2021 and on the same day assigned it tracking number DOI-OS-2021-003617.

10. Defendant received the correspondence request on April 16, 2021 and on the same day assigned it tracking number DOI-OS-2021-003627.

11. On April 21, 2021, the Department responded to both requests, taking a 10 working day extension "to search for and collect requested records from fields facilities or other units that are separate from the office processing the request[.]"

12. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

13. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, §

552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here, as Interior did not seek additional information from Plaintiff regarding the requests at issue in this suit.

14. Interior has not made additional communications with the Defendant and is now past both its own extension and the statutory period for issuing such determinations on the above-described requests.

15. Defendant Interior is thereby improperly denying Plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

16. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

17. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business

18. Plaintiff has a statutory right to the information it seeks, and Interior has unlawfully withheld the information.

19. Plaintiff is not required to further pursue administrative remedies due to Interior's failure to comply with the text of FOIA and controlling precedent from the D.C. Circuit.

20. Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, and Interior failed to provide the records;

   b. Interior's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy Interior's obligations under FOIA;

   c. Interior must now produce records responsive to Plaintiff's requests.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is entitled to injunctive relief compelling Interior to produce the records responsive to the FOIA requests described in this pleading.

23. Plaintiff asks the Court to enter an injunction ordering Interior to produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto.

24. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Interior's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Interior's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
## Costs And Fees – Injunctive Relief

25. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

27. This Court should enter an injunction and/or judgment ordering the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare that Defendant has violated FOIA by failing to provide Plaintiff with the requested records and by failing to notify Plaintiff of a final determination within the statutory time limit;

3. Declare the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 *et seq.* and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 24th day of May, 2021,

ENERGY POLICY ADVOCATES
By Counsel:

<u>/s/Matthew D. Hardin</u>
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
(202) 802-1948
MatthewDHardin@protonmail.com